Cushing, J.
December 21, 1907, plaintiff and Francis E. Judge were married. Two children were born to them. In 1913 they separated. At that time plaintiff took up her residence in Chicago and has resided there ever since. Francis E. Judge became a resident of Hamilton county, Ohio, in 1913, and is a resident of this county now. In May, 1913, plaintiff gave her two children to Miss Eva Viola Judge, sister of Francis E. Judge. They have "lived in this county continuously, and have been'supported by Francis E. Judge.
*450 In 1915, on service by publication, plaintiff secured a divorce from Francis E. Judge in the court of Cook county, Illinois. The decree, which gave plaintiff the custody and care of the children, was made in the absence of the father and the children from the state of Illinois, and without service or jurisdiction over them other than the service by publication in the divorce case.
July 25, 1917, plaintiff was married to Harry C. Cohen. They have been and are now residing in Cook county, Illinois.
June 6, 1918, plaintiff, Nellie G. Cohen, secured a writ of habeas corpus from the court of insolvency of Hamilton county, Ohio, claiming the custody of the children under the decree, above referred to, of the court in Cook county, Illinois, by virtue of which she asserted the children were unlawfully detained. At the hearing upon that writ the court of insolvency held, that the decree of the Illinois court, in so far as it related to the custody and care of the children, was void for want of jurisdiction over them or their father.
The court of insolvency then proceeded to and did award the custody and care of the child'ren to defendant, Eva Viola Judge, and provided that the plaintiff, the mother, could have them during the school vacation period in the summer. Plaintiff consented to that decree. July 31, 1919, the court of insolvency modified said decree by eliminating that part of it allowing the mother to have the children during the school vacation period. This proceeding is prosecuted to reverse the judgment as modified.
*451 Two questions are presented.
1. Did the court of Cook county, Illinois, in the divorce proceeding, on service by publication against the father, when both the father and children resided in Ohio, have power or control over the children ?
2. What was the extent of the jurisdiction of the court of insolvency over these children when they were before it on the writ of habeas corpus?
The court of insolvency was correct in determining that the Illinois court did not have power to award the custody of the children to anyone.
The law is settled that in granting a divorce on substituted service, where defendant and the infant children are not within the jurisdiction, the court has no power to award the custody of the children to plaintiff. 19 Corpus Juris, 341; De La Montanya v. De La Montanya, 112 Cal., 101, and Seeley v. Seeley, 30 App. D. C., 191.
The children being domiciled in Ohio, a foreign decree of divorce, awarding their custody, entered when neither the defendant nor the children were within the jurisdiction of the court, is of no> effect for want of jurisdiction, so far as the award of the custody is concerned. 19 Corpus Juris, 369.
Should it be contended that the Illinois court acquired jurisdiction of the children by reason of their going to their mother during the school vacation period, that contention could not be sustained. The decree of the court speaks from the date of its entry, and the children were not there until after it had been entered. The Illinois court could not acquire jurisdiction over these children while they were temporarily in the state. The domicile of the *452 father and the children controls. Kenner v. Kenner, 139 Tenn., 211. See 1 Bailey on Habeas Corpus, 580.
The question of the jurisdiction of the court of insolvency has been before this court on a number of occasions. That court is a statutory as distinguished from a constitutional court. It has only such jurisdiction and powers as are specifically conferred by the general assembly creating it. For some years prior to December 31, 1914, it had jurisdiction in divorce and alimony cases. Incident thereto, it had jurisdiction, in such cases, to award the custody and care of infant children, as the facts in the case before it warranted. Since that date it has not had jurisdiction in such cases except in those previously pending. Kelley, Judge, v. State, ex rel. Gellner, 94 Ohio St., 331.
It should, therefore, have dismissed the habeas corpus writ. People, ex rel. Tappan, v. Porter, 1 Duer, 709.
The conclusion is that the jurisdiction of the court of insolvency ended with its judgment on the writ, and as it was not authorized to award the custody of the children in the proceeding before it this court will enter the decree which the court below should have entered.
An entry may be presented accordingly.

Judgment accordingly.

Shohl, P. J., and Hamilton, J., concur.