**WYANT, ADOPTION OF, In Re.**

Ohio Appeals, Third District, Henry County.

No. 324.   Decided March 31, 1942.

George A. Meekison, Napoleon, for appellant.
James Donovan, Jr., Napoleon, for appellee.

**OPINION**

By GUERNSEY, P. J.

The notice of appeal in this case prescribes an appeal upon questions of law and fact but the appellant has in open court conceded and this court has determined that the case is not a chancery case and is therefore not retriable on the facts in this court, and consequently the appeal stands and is considered as an appeal upon questions of law.

The appeal is from an order of the Probate Division of the Common Pleas Court of Henry county, Ohio, made in a proceeding pending in said court wherein Dulcia Gunter and Dayton Gunter petitioned said court for permission to adopt as their own children, William Lee Wyant a child of the age of thirteen years, and James Duane Wyant a child of the age of eight years, granting said petition for adoption.

The petition, omitting the caption and oath thereto, is in the words and figures following, to wit:

"Your petitioners Dulcie Gunter and Dayton Gunter respectfully represent that they are husband and wife; that they were married on the 17th day of May, 1941, at Winchester, Indiana; that said Dulcie Gunter is of the age of 36 years, and that said Dayton Gunter is of the age of 34 years, and that the place of residence of both is Malinta, Henry county, Ohio.

"Your petitioners desire to adopt William Lee Wyant a child of the age of 13 years, born on the 6th day of July, 1929, at Portland, Indiana, and whose place of residence is Malinta, Ohio, and desire to adopt James Duane Wyant, a child of the age of 8 years, born on the 9th day of October, 1933, at Jefferson Township, Adams county, Indiana, and whose place of residence is Malinta, Ohio.

"Neither of said children possess any property of any kind.

"Said children are full brothers and have both of their parents living, the said Dulcie Gunter, being their mother and resides in Malinta, Ohio, and their father, Chelsea Wyant, resides in Indianapolis, Indiana, and his post office address is Overland Trucking Company, Kentucky Avenue, Indianapolis, Indiana. The parents of said children, to wit: Dulcie Wyant and Chelsea Wyant were divorced by the decree of the Circuit Court of Jay county, Indiana, at Portland, Indiana, and in said decree said Dulcie Wyant. now Dulcie Gunter, was awarded

the care, custody and control of said children; that the said Chelsea Wyant has wholly failed and neglected to support said children, or to contribute to their support for more than two years last past.

"Your petitioners further represent that said children have resided in their home since the 17th day of May, 1941.

"That they are possessed of sufficient means and ability to maintain and educate said children properly.

"Your petitioners therefore pray that upon the final hearing of this case, they may be permitted by order of said court, to adopt as their own children the said William Lee Wyant and James Duane Wyant and that the names of said children be changed to William Lee Gunter and James Duane Gunter by which names they shall respectively be known.

Dulcie Gunter<br>Dayton Gunter."

The petition is sworn to by both the petitioners.

Following the filing of the petition in the Probate Division of the Common Pleas Court, the said William Lee Wyant duly filed his consent in writing to such adoption, and the said Dulcie Gunter, one of the petitioners and the mother of said William Lee Wyant, duly filed her consent in writing to such adoption; and Chelsea Wyant, father of said William Lee Wyant and James Duane Wyant, filed his answer to the petition.

In his answer the said Chelsea Wyant denies each and every, all and singular, the allegations in the petition and objects to the jurisdiction of the Probate Court to make any order concerning the adoption of said children, or the care, custody, education and maintenance thereof, for the following reasons which are in said answer stated as facts, to wit:

"1. Dulcie Gunter and Chelsea Wyant were heretofore united in marriage and the children designated in the petition and before this court for adoption, were born as the issue of said marriage, and born during lawful wedlock of said parties, and said Chelsea Wyant is the father of said children, and said Chelsea Wyant has not consented to the entering of any decree of adoption in this court.

"2. Said Dulcie Gunter and said Chelsea Wyant, in the year 1935, were actual bona fide and permanent residents of the County of Jay in the State of. Indiana, and said Dulcie Gunter instituted an action for divorce in the Circuit Court of Jay County, in said State of Indiana, while said parties were

residents thereof, and caused said Chelsea Wyant to be duly served with process in said action according to the laws of the State of Indiana, which action was not contested by said Chelsea Wyant, and by the consideration of said court in said action, the care, custody and maintenance of said children was awarded to said Dulcie Gunter, until the further order of the said court. And said Circuit Court of Jay County, Indiana, now has the sole and exclusive jurisdiction of said children, and said children are now wards of said court, and said court has not consented to the entering of a decree of adoption by this court.

"3. Said Chelsea alleges that he has partially supported said children continuously in the last two consecutive years."

The proceeding was thereafter heard in the Probate Division of the Common Pleas Court of Henry county, Ohio, on said petition, consents to adoption, and answer, and the evidence, and the following order and judgment entered:

"This day being the day appointed, the court proceeded to a hearing of the petition filed in this case, the answer of Chelsea Wyant and the evidence, and the examination of the parties at interest, under oath, and finds therefrom that the petitioners are husband and wife; that they were married on the 17th day of May, 1941, at Winchester, Indiana, that Dayton Gunter, the husband, is of the age of 34 years; that Dulcie Gunter, the wife, is of the age of 36 years, and that the place of residence of both is Malinta, Ohio.

"The court further finds that said children sought to be adopted, to wit: William Lee Wyant is 13 years of age, was born on the 6th day of July, 1929, at Portland, Adams County, Indiana, and his place of residence is Malinta, Ohio. and James Duane Wyant is 8 years of age, was born on the 9th day of October, 1933, at Jefferson Township, Adams County, Indiana, and his place of residence is Malinta, Ohio, and neither of said children is possessed of any property of any kind.

"That said children have both of their parents living.

"Said children are full brothers and have both of their parents living, the said Dulcie Gunter, being their mother and resides in Malinta, Ohio, and their father, Chelsea Wyant, resides in Indianapolis, Indiana, and his post office address is care of Overland Trucking Company, Kentucky Avenue, Indianapolis, Indiana. The parents of said children, to wit: Dulcie Wyant and Chelsea Wyant were divorced by the decree

of the Circuit Court of Jay County, Indiana, at Portland, Indiana, and in said decree the said Dulcie Wyant, now Dulcie Gunter, was awarded the care, custody and control of said children; the said Chelsea Wyant has wholly failed and neglected to support said children, or to contribute to their support for more than two years last past.

"That said children have resided in the home of the petitioners since the 17th day of May, 1941; that written consent has been given to the adoption of said children by said petitioners, by the mother and by said William Lee Wyant, being over 13 years of age.

"The court examined said petitioners each separate and apart from the other, and is satisfied from the examination that each petitioner of his and her free will and accord desires to adopt said children.

"The court, from the testimony, is of the opinion that the facts stated in the petition are true, and that the petitioners are of good moral character and of reputable standing in the community, and of ability to properly maintain and educate the children sought to be adopted, and that the best interest of said children will be promoted by such adoption, and said children are suitable for adoption.

"The court is satisfied that all the proceedings relative to adoption have been complied with.

"It is, therefore, ordered and decreed by the court on this 15th day of October, 1942, that from this date the said children, William Lee Wyant and James Duane Wyant be and are, to all legal intents and purposes the children of said petitioners Dulcie Gunter and Dayton Gunter, and that the names of said children be and are hereby changed to William Lee Gunter and James Duane Gunter by which names they shall hereafter be known.

"It is further ordered that the petition, decree and proceedings be recorded, all reports and affidavits filed, and that said petitioners pay the costs herein taxed at $____ forthwith. Costs paid. Chelsea Wyant excepts. Exceptions saved.

J. M. Rieger, Judge."

This is the order from which this appeal is taken.

At said hearing there was introduced in evidence a certified copy of the decree rendered by the Circuit Court of Jay County, Indiana, on the 23rd day of March, 1935, in the divorce action pending therein wherein Dulcie W. Wyant (now Dulcie W. Gunter) was plaintiff, and the said Chelsea L. Wyant was defendant, divorcing the parties thereto, and awarding the

custody of the children who are the subject-matter of the adoption proceedings, to the said Dulcie W. Wyant (now Gunter) until the further order of the court, and ordering the said Chelsea L. Wyant to pay the clerk of said court the sum of five dollars per week for the care and support of said minor children.

The appellant assigns error in the following particulars:

1. The judgment of the court is contrary to law.

2. The court had no jurisdiction over the subject-matter of said proceeding.

3. The court erred in rendering judgment for petitioners and against the objector.

4. Other errors of law occurring at the trial of this action objected to by Chelsea Wyant.

The fourth assignment mentioned is not argued in the brief and will therefore not be considered.

The first three assignments of error relate to the same subject-matter and are argued together in appellant's brief and will therefore be considered together.

In support of the first three assignments of error the appellant contends that the proceeding is a statutory one instituted under and by virtue of §10512-11 GC; that under the provisions of this statute written consent to an adoption may be given by the parent or person awarded custody of child by divorce decree, only in instances where the court which granted such decree approves of such consent; and that as such consent in the instant proceeding was not given by the Circuit Court of Jay County, Indiana, which rendered the decree divorcing the parents of the children and awarding the custody of the children to the mother Dulcie Gunter, such adoption proceedings are void; that the court granting the divorce had continuing jurisdiction of the custody of the children, and that the removal of the children from the state wherein such divorce was granted, did not deprive that court of its right to modify its order pertaining to custody.

A determination of the contention of appellant requires a consideration of the provisions of §10512-11 GC. The pertinent parts of this section read as follows:

"In any adoption proceedings written consents must be given such adoption as follows:

(1) By the child sought to be adopted if more than thirteen years of age.

(2) By each of the living parents or by the mother of an

illegitimate child (in which case such consent shall state only that it is given 'by virtue of the fact that she is the sole. parent') except as follows:

(a) By one of the parents when it shall appear from affidavit and the evidence during the trial of the cause that the other parent has failed or refused to support the child for two consecutive years.

(b) By the juvenile court if both of the parents have failed or refused to support the child for two consecutive years.

(c) By the parent or person awarded the permanent custody by a juvenile court because of dependency or because of the mental, moral or other unfitness of one or both parents; provided that such juvenile court approves of such consent.

(d) By the parent awarded custody of child by divorce decree, provided the court which granted such decree approves of such consent whereupon the jurisdiction of such court over such child shall cease."

It appears from the record in this case, as above mentioned, that the written consent of the child more than thirteen years of age sought to be adopted, was properly given and filed. It further appears that the written consent of one of the parents of the children, to wit, the mother, was duly given and filed in said proceeding, and it appears from the affidavit of the petitioners to the petition, and the evidence during the trial of the cause, that the other parent, to wit, the father, had failed or refused to support the children for two consecutive years.

It is not pleaded in the petition and it does not appear from the evidence, that the court which granted the divorce decree to the parents and awarded custody of the children to the mother by such decree, approved of the consent given by the parent awarded such custody, to such adoption.

The status of adoption is created by either:

(a) The law of the state of domicile of the adopted child; or

(b) The law of the state of domicile of the adoptive parent that has jurisdiction over the person having legal custody of the child, or if the child is a waif and subject to the jurisdiction of the state. Restatement of the Law, Conflict of Laws, Section 142, page 209.

The record in the instant case shows that this state is both the domicile of the adopted children and the domicile of the adoptive parents and has jurisdiction over the person having legal custody of the children.

The domiciliary status of the adopted children and of the adoptive parents, and the jurisdiction over the person having legal custody of the children, being of the character mentioned, and consents to the adoption having been given as prescribed by subdivision (1) and subdivision (b) of subdivision (2) of §10512-11 GC, such adoption proceedings, as shown by the record, are in all respects regular, correct and valid unless the court was inhibited from making such order of adoption by reason of the fact that the court which granted the decree of divorce to the parents and awarded the custody of the children to the mother, did not approve the consent given by the mother to such adoption.

From an examination of the provisions of §10512-11 GC, it clearly appears that it was the legislative intent in the enactment of subdivision (a) of subdivision (2) of said section, that in adoption proceedings, where it appears from affidavit and the evidence during the trial of the cause that a parent of a child or children sought to be adopted had failed or refused to support such child or children for two consecutive years, the consent of the other parent to such adoption should be sufficient without regard to whether the parents had been divorced and the custody of the child or children awarded by the divorce decree; and that subdivision (d) prescribes an additional separate and distinct method and manner of giving consent in cases where the parents have been divorced and a parent awarded custody of a child by divorce decree.

This leaves the question as to whether by reason of the divorce decree awarding custody of the children to the parent, granted by the Circuit Court of Jay County, Indiana, having jurisdiction over the parties, precludes the Probate Division of the Common Pleas Court of Henry County, Ohio, from permitting the adoption of said children in conformity with the laws of this state.

In Restatement of the Law, Conflict of Laws, in comment (a) under Section 147, pages 212 and 213, the effect of a judgment of this character is stated to be as follows:

"An award of custody, like any other judgment or decree of a competent court, is entitled to recognition and enforcement in other states. Such a decree receives the same effect in another state that it receives in the state in which it was rendered. It is, therefore, conclusive of the status of the child at the time the decree was rendered and the merits of such an award cannot be re-examined either in the state where

rendered or in another state. An award of custody, however, is conclusive only of the status of the child and the parent at the time and such status may be altered by a competent court for reasons which arise after the previous award if they are deemed by the court sufficient. Therefore, while courts in other states will enforce the custody decree in so far as it determines the status of the child at the time it was issued, they may, if they have jurisdiction, change such award upon facts which have arisen subsequent to the first decree."

Applying this rule to the instant proceeding, the fact that the father of the children, at the time the order of adoption was made, had failed or refused to support the children for two consecutive years, which arose subsequent to the first decree, constituted a sufficient basis for changing such award of custody.

For the reasons mentioned, the contentions of appellant, under the assignments of error as to the invalidity of the order permitting the adoption are without merit, and the judgment will therefore be affirmed.

CROW and JACKSON, JJ., concur.