BAIN *v.* ROSE ET AL., JUDGES.

(No. 5554—Decided February 26, 1957.)

*Mr. David L. Durschnitt* and *Mr. Paul W. Martin,* for plaintiff.

*Mr. Samuel L. Devine,* prosecuting attorney, and *Mr. Victor E. Vaile, Jr.,* for defendants.

PETREE, P. J.   This is an action originating in this court in which plaintiff, Esther Bain, seeks a writ of prohibition to prohibit the defendants, Judges of the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio, from hearing and proceeding in any way in a certain case instituted in said Domestic Relations Division by one Gerald H. Bain against plaintiff herein.   The alternative writ was allowed August 3, 1956, returnable on the day and at the time stated therein.

On January 25, 1957, leave was granted the prosecuting attorney to file instanter a demurrer to the petition filed herein.

This cause is now before the court on the demurrer to the plaintiff's petition on the ground that the petition does not state facts sufficient to constitute a cause of action for the granting of a writ of prohibition against the defendants herein. Plaintiff in her petition claims that, unless the defendants are

prohibited from hearing and proceeding in any way in the matter pending, she will be injured in the following ways, for which there is no remedy in law or equity:

1. The plaintiff herein will be forced to stand trial before a body which has no jurisdiction to hear the matter in question. If said Gerald H. Bain is awarded temporary relief of any sort, her child will be sequestered off to another state, thereby causing this plaintiff to suffer distress and force her to regain custody in another state.

2. There is no speedy or adequate appeal from the orders of said court, in particular temporary orders.

3. Plaintiff will be forced to defend a multiplicity of suits in the Common Pleas Court of Franklin County, Division of Domestic Relations, and the Juvenile Court, of Franklin County, Ohio.

Attached to plaintiff's petition is a copy of a decree in chancery entered by a judge of the Circuit Court of Vermillion County, Illinois, in May of 1953, in which a divorce was granted to Gerald H. Bain from Esther Bain, and custody of Mary Geraldine Bain was granted to the defendant in the Illinois court, Esther Bain. The petition states that the minor child is 11 years of age, and that Gerald H. Bain seeks an order of custody or, if the court determines that the custody of the child should remain with Esther Bain, an order fixing and determining a reasonable amount for the support of said child and the rights of visitation of Gerald H. Bain.

It appears from the decree of the Illinois court above referred to that Esther Bain was living in Columbus at the time of the decree which gave her custody of Mary Geraldine Bain. It appears further from the petition herein that both the mother and daughter were residents of Franklin County on August 3, 1956, and that on said date Gerald H. Bain was a resident of Michigan. The entry of the Illinois court made in 1953 states that Gerald H. Bain was a resident of Vermillion County, Illinois, for more than one year prior to the divorce decree. Although we recognize that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state," pursuant to Section 1, Article IV, Constitution of the United States, we feel that the matter of

custody of an infant under 18 years of age found within Franklin County, Ohio, is subject to the jurisdiction of the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio. The right to custody is a continuing right, and a court of competent jurisdiction, such as the Franklin County court in this case, can exercise the jurisdiction to determine that custody when the interest of the child requires it.

In support of our position, we cite *In re Adoption of Wyant,* 72 Ohio App., 249, 51 N. E. (2d), 221, paragraph three of the syllabus of which is as follows:

"Such decree of divorce and custody, having been rendered by a court of a sister state, is conclusive of the status of the child and parent at the time of the decree only, and where, after such decree, the other parent so failed or refused to support the child, there is a sufficient basis for a court of this state to alter such status."

In her petition seeking the writ of prohibition, plaintiff states that notice was had upon her, so the question as to jurisdiction of the person does not arise in this case.

It is our opinion that a judge of the Court of Common Pleas of Franklin County exercising jurisdiction over infants may properly inquire into and may hear and determine the rights of the parties brought into question by case No. 48188, including the determination of all matters sought in the prayer of the petition in that case.

It is to be noted that the prayer in said case does not attempt to modify paragraphs (3), (4), and (5), which determine the property rights and free Gerald H. Bain from ever paying alimony to Esther Bain. In view of the finding of the judge of the Illinois court in favor of Gerald H. Bain, it seems clear that he has a vested right in the property settlement and in the freedom from paying alimony given in that decree, and that Ohio courts are bound to recognize such vested right under Section 1, Article IV, Constitution of the United States, above referred to.

The right to custody and the incidental right of a parent to reasonable visitation depend upon the conditions which a court of competent jurisdiction may find exist at the time it inquires into such rights. That holds true whether a former order af-

fecting custody was made by a court of another state or by the same court exercising jurisdiction, where it finds that the interest of the child, or those entitled to its custody, requires a modification of a former order of custody.

We find further that in order to determine the right of custody, it is not necessary for the court to find that such a child is delinquent, neglected, dependent, crippled, or otherwise physically handicapped. We find that the defendants, Judges of the Court of Common Pleas, Division of Domestic Relations, Franklin County, Ohio, have authority to determine the right of custody under subdivision (A) (2) of Section 2151.23, Revised Code, as such statute has been interpreted in the case of *In re Torok,* 161 Ohio St., 585, 120 N. E. (2d), 307, paragraph two of the syllabus. We conclude, therefore, that the plaintiff is not entitled to a writ of prohibition against the defendants herein for the reasons that, first, we have concluded that the court has jurisdiction and, second, we have the right to assume it will exercise its jurisdiction properly. If it does not, plaintiff will have an adequate remedy at law by appeal to a higher court. The demurrer is, therefore, sustained.

*Demurrer sustained.*

BRYANT and MILLER, JJ., concur.