{¶ 59} Although I concur in the judgment of the court, I do not agree that the mootness of an appeal can only be determined with reference to matters contained in the record of the proceedings in the trial court.
 {¶ 60} Where no real controversy remains between parties, "except perhaps of an academic nature," as a result of facts and circumstances occurring after an appeal has been taken, the issues are moot, and there is no justification for expending scarce judicial resources upon what has become an academic question. Dudek v. United Mine Workers of America
(1955), 164 Ohio St. 227; Thompson v. McNeely (1969), 21 Ohio App.2d 5. Obviously, facts and circumstances occurring after an appeal has been taken, which render the controversy moot, will not be part of the record made up in the trial court that is before the appellate court on review. In determining whether the appellate court has jurisdiction, then, it may be necessary to consider facts and circumstances not of record in the appeal.
 {¶ 61} Under the circumstances of this case, as I understand them, the controversy is not necessarily over, since the matters that gave rise to the underlying labor dispute have not been resolved, at least by contract. I agree that we should not dismiss this appeal for mootness.
Fain, J., Grady, J., and Young, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.