JAMES, A MINOR, *v.* CHILD WELFARE BOARD.

[Cite as James v. Child Welfare Bd., 9 Ohio App. 2d 299.]

(No. 5928—Decided February 15, 1967.)

*Mrs. Dorothy D. Bergmann*, for petitioner.

*Mr. James V. Barbuto*, prosecuting attorney, and *Mr. William B. Gore*, for respondent.

HUNSICKER, J.   On January 19, 1967, there was filed in this court an action in habeas corpus.   Barbara James, the mother of James James, said that on or about November 9, 1966, her son, James, was forcibly removed from her custody by the Juvenile Court of Summit County, Ohio, on an order issued by that court.

An answer, and a reply to the answer, were filed.   Thereafter, oral argument was presented to the court, followed by the filing of a stipulation of facts.   The stipulations and admissions of counsel are that: Barbara James was granted a divorce,

and the custody of James James, her infant son, by the Court of Common Pleas of Wayne County, Ohio; the mother and son then moved to Summit County; on November 9, 1966, an affidavit charging that James James was a dependent and neglected child was filed in the Court of Common Pleas of Summit County, Juvenile Division; that court, without a hearing of the matter, ordered the child taken into custody, pursuant to the affidavit; and the child was then placed by that court in the custody of the Summit County Child Welfare Board, and is now in the temporary custody of that board.

After the child was taken into custody, the Court of Common Pleas of Summit County, Juvenile Division, ordered that the matter of custody be referred to the Juvenile Court of Wayne County, Ohio; that court determined it lacked jurisdiction of either the mother or the child, on the basis that they were legal residents of Summit County; and the matter was remanded to the Juvenile Court of Summit County.

No hearing was had on the affidavit, pending the outcome of the instant action.

It is the claim of the petitioner that only the Court of Common Pleas of Wayne County, Ohio, has presently the jurisdiction to determine the custody of James James, since, upon the granting of custody to the mother, Barbara James, in the divorce action, the law precludes any other court from making an order with respect to custody. This claim is based upon Section 2151.23, subsection (A)(2), Revised Code. That is to say that, since James James is a ward of the Court of Common Pleas of Wayne County, Ohio, as a result of the divorce action, no other court in this state can assume to exercise custodial authority over that child.

Section 2151.27, Revised Code, provides for the filing of a complaint involving a neglected or dependent child; and Section 2151.28, Revised Code, provides for a hearing after complaint filed. That section also authorizes the Juvenile Court Judge to order the child taken into immediate custody, as was done in the instant case. If we are to accept the claim of counsel for the petitioner, none of those procedures provided for by Section 2151.27, Revised Code, and Section 2151.28, Revised Code, can be effective if the child was a ward of any court in this state prior to the filing of the complaint.

To adopt the view of the petitioner, we must find that Section 2151.23, subsection (A)(1), Revised Code, is subordinate to Section 2151.23, subsection (A)(2), Revised Code. This we cannot accept, for, in the judgment of this court, the subsections of Section 2151.23 (A) are independent of each other. *In re Torok*, 161 Ohio St. 585, at 588, 589. Thus, where a complaint is properly filed under Section 2151.27, Revised Code, and a subsequent hearing is had pursuant to Section 2151.28, Revised Code, a Juvenile Court may deal with that child as is provided in that latter section, even to the point of providing an order for permanent custody, notwithstanding the fact that the child is a ward of another court in this state, as a result of a custody order arising out of a divorce action.

It is the conclusion of this court that the application for a writ of habeas corpus must be denied.

*Writ denied.*

DOYLE, P. J., and BRENNEMAN, J., concur.