IN RE PETITION OF GENTRY.

(No. L-82-208—Decided August 6, 1982.)

*Mr. Ralph C. Buss,* for petitioner.

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. J. Tracy Sniderhan,* for respondent Donald T. Hickey, Lucas Cty. Sheriff.

DOUGLAS, J.   This matter is an original action filed in this court by the petitioner Jack C. Gentry. The action is brought pursuant to R.C. 2725.01 *et seq.,* and the petition, as supplemented, substantially complies with the requirements as set forth in R.C. 2725.04. As the petitioner is not contesting his original restraint but is only testing his *continued* restraint, pursuant to his allegation of "excessively high bail," this court, on the face of the petition, granted the writ pursuant to R.C. 2725.06, and set the matter for trial on the merits, said trial having been held at 8:30 a.m., August 5, 1982.

The court, finding it advisable under the circumstances of this case and having been so requested by the state, makes the following findings of fact and conclusions of law and upon said findings, enters final judgment herein.

Findings of Fact

1.   That petitioner was indicted for violation of R.C. 2903.01 (A), aggravated murder.

2.   That petitioner, on June 17, 1982, appeared, without counsel, in the Lucas County Court of Common Pleas.

3.   That the trial court continued petitioner's case for arraignment to June 22, 1982. Bond was set by the court at $150,000, no ten percent.

4.   That petitioner, on June 22, 1982, was present in court with counsel for arraignment. Petitioner entered a plea of not guilty and made an oral motion to reduce bond. The court denied the motion and ordered the bond continued at $150,000, no ten percent.

5.   That on July 1, 1982, petitioner filed a "Motion To Reduce Bail"; hearing on said motion was held on July 13, 1982, and. on July 14, 1982, the court again denied petitioner's motion.

6.   That petitioner is a resident of Cleveland, Cuyahoga County, Ohio, and was brought to Lucas County pursuant to a warrant for extradition.

7.   That the petitioner has a previous felony conviction for manslaughter in the year 1969.

8.   That petitioner is under continuing confinement in the Lucas County Corrections Center.

9.   That the petitioner's trial is scheduled to be held on September 20, 1982.

Conclusions of Law

1.   That the constitutional right to non-excessive bail in bailable offenses must be fully protected by suing out a writ of habeas corpus in a court of competent jurisdiction. *In re DeFronzo* (1977), 49 Ohio St. 2d 271 [3 O.O.3d 408], at 273;

*State* v. *Bevacqua* (1946), 147 Ohio St. 20 [33 O.O. 186].

2. That Section 3 (B)(1)(c), Article IV of the Constitution of Ohio provides that the Courts of Appeals shall have original jurisdiction in actions in habeas corpus.

3. That where a petition is filed which states a proper cause of action for a writ of habeas corpus, and there is no plain and adequate remedy in the ordinary course of the law, Section 3, Article IV of the Ohio Constitution requires the Courts of Appeals to exercise their original jurisdiction in habeas corpus. *Hughes* v. *Scaffide* (1978), 53 Ohio St. 2d 85 [7 O.O.3d 175].

· 4. That the petitioner is, upon his application, properly before this court; that this court has jurisdiction and is required to exercise that jurisdiction in the case at bar.

5. That petitioner is charged with an offense that is bailable pursuant to Section 9, Article I of the Constitution of Ohio.

6. That in determining the amount of bail to be fixed, the standards set forth in R.C. 2937.23 and Crim. R. 46 (F) must be applied.

### Decision and Order

It is a general principle governing the allowance of bail that the amount thereof shall be reasonable. *Abbott* v. *Columbus* (1972), 32 Ohio Misc. 152 [61 O.O.2d 268]. Where the offense is bailable, this right to reasonable bail is an inviolable one which may not be infringed or denied. *State* v. *Richardson* (1939), 30 Ohio Law Abs. 179 [15 O.O. 461].

In fixing bail the court must apply the standards set forth in Crim. R. 46(F) which reads:

"Conditions of release; basis. In determining which conditions of release will reasonably assure appearance, the judge shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the ac-cused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or of failure to appear at court proceedings."

What bail is or is not reasonable is a question for the exercise of sound discretion by the court. The decision is dependent upon all the facts and circumstances in each individual case. *Bland* v. *Holden* (1970), 21 Ohio St. 2d 238 [50 O.O.2d 477]. ·

In *Bland, supra,* the Supreme Court held that bail of $45,000 for the charges of rape, armed robbery, breaking and entering, burglary and malicious entry was not excessive. It should be noted that *Bland* was decided in 1970, over twelve years ago. In the case now before us, we find·a charge of aggravated murder with bail, set by the trial court, at $150,000.

In considering the seriousness of the offense charged for the purpose of fixing bail, the court must assume the truth of the allegations of the indictment. *State* v. *Richardson, supra.* In addition, in applying the tests set forth in Crim. R. 46(F), we find that the petitioner is not a resident of this county; that petitioner has a prior felony record by way of a conviction for manslaughter and the nature of the offense is that it is one of the most serious criminal offenses with which one can be charged, the penalty for the same being imprisonment for life.

Considering the facts as we have found them and the law as we cited herein, we find that the bail set by the trial court is neither excessive nor unreasonable. We further find that, in any event, the amount of bail in any given case is basically within the sound discretion of the trial court. *Davenport* v. *Tehan* (1970), 24 Ohio St. 2d 91 [53 O.O.2d 250]. There are no facts alleged in this case which indicate in any way that the bail is excessive, or that the trial judge has abused his discretion. To find an abuse of discre-

tion this court must find an abuse, by the trial court, of its discretion in the matter. To make such a finding there must have been more than an error in judgment. We must be able to find perversity of will, passion or moral delinquency. *McNeil* v. *McNeil* (1946), 46 Ohio Law Abs. 244, 245. The alleged abuse must reflect an unreasonable, arbitrary or unconscionable attitude on the part of the trial court.

*Calderon* v. *Sharkey* (1982), 70 Ohio St. 2d 218 [24 O.O.3d 322], at 219 and 220.

Accordingly, the relief demanded by petitioner is denied.[1] Petitioner is remanded to the custody of the Sheriff of Lucas County, Ohio. Costs of this action are assessed to petitioner.

*Relief denied.*

CONNORS, P.J., and BARBER, J., concur.

---

[1] The foregoing language has been used advisedly upon consideration of the relevant statutes and case law. It is respectfully submitted that some confusion has apparently developed with respect to the meaning and effect of the issuance of a writ of habeas corpus. See *Reynolds* v. *Ross Cty. Children's Services Agency* (1983), 5 Ohio St. 3d 27, 28, described as "* * * an appeal from a judgment denying a writ of habeas corpus" after a full evidentiary hearing on the merits; *Hughes* v. *Scaffide* (1979), 58 Ohio St. 2d 88 [12 O.O.3d 92], described as "* * * an appeal as of right from the denial of a writ of habeas corpus," but affirmed as a judgment "* * * denying habeas corpus relief" (*id.* at 89); *Ashmore* v. *State* (1969), 19 Ohio St. 2d 181 [48 O.O.2d 207], allowing writ after determination of merits; and *James* v. *Child Welfare Bd.* (1967), 9 Ohio App. 2d 299 [38 O.O.2d 347], denying writ after determination of merits. Cf. *Blom* v. *Metzger* (1972), 30 Ohio St. 2d 291 [59 O.O.2d 349], affirming judgment of court of appeals, denying *relief* after determination of merits; and *In re Schott* (1968), 16 Ohio App. 2d 72 [45 O.O.2d 168], wherein the Court of Appeals for Hamilton County held, at 74, that:

"However, upon the facts before us, we are constrained to take the position that the question whether the petitioner, Schott, has been denied due process of law has been raised.

"Beyond question, no citizen of Ohio may be deprived of his liberty without due process of law.

"Therefore, one who is deprived of his liberty by an Ohio court without due process of law is *entitled to a writ of habeas corpus for the purpose of inquiring into the matter.* 26 Ohio Jurisprudence 2d 568, Habeas Corpus, Section 14, and cases cited thereunder." (Emphasis added.)

Thus, R.C. 2725.06 provides that:

"When a petition for a writ of habeas corpus is presented, if it appears that the writ ought to issue, a court or judge authorized to grant the writ *must grant it forthwith.*" (Emphasis added.)

Cf. R.C. 2725.05, providing for the denial of a writ of habeas corpus on the face of the petition.

The effect of the granting of the writ is to require "[t]he officer or person to whom a writ of habeas corpus is directed * * * [to] convey the person imprisoned or detained, and named in the writ, before the judge granting the writ * * *." R.C. 2725.12.

Therefore, the issuance of the writ simply assures the petitioner a timely hearing before a court. The merits of the petitioner's allegations concerning his detention must be tested upon the execution and return of the writ if granted and a determination may thus be made as to whether the relief requested in the petition shall be granted or denied.