Petitioner, Steven Forgette, has filed a petition for habeas corpus against respondent, James A. Telb, Lucas County Sheriff. Petitioner brings this proceeding to challenge the amount of bail set by the Lucas County Court of Common Pleas following petitioner's indictment by the Grand Jury on two counts of felonious assault. Although the Toledo Municipal Court had set bail at $20,000 per each charge no ten percent, the common pleas court increased the amount of bail to $125,000 per each count of felonious assault, with no ten percent.
On June 15, 1998, we held a hearing on the matter. At the hearing, the parties stipulated to agreed facts, including petitioner's ties to the community, his employment status, and investigations involving alleged prior and current criminal activities. Both parties presented arguments as to whether the common pleas court abused its discretion in setting the amount of bail.
Generally, the amount of bail set is a matter within the sound discretion of the trial court. Davenport v. Tehan (1970),24 Ohio St.2d 91; Bland v. Holde (1970), 21 Ohio St.2d 238. An abuse of discretion occurs when the trial court's actions are arbitrary, unreasonable, or capricious. In re Gentry (1982),7 Ohio App.3d 143, 146. Pursuant to Crim R. 46, in determining what is reasonable bail,
 "the trial court must weigh various factors: the nature and circumstances of the offense charged, the weight of the evidence, the accused's history of flight or failure to appear at court proceedings, his ties to the community, including his family, financial resources and employment, and his character and mental condition. After weighing these factors, the trial judge sets the amount of bail within his sound discretion. In re Gentry; Jenkins v. Billy (1989), 43 Ohio St.3d 84 * * *."
Nevertheless, as we have recognized previously, the hybrid nature of an original action in habeas corpus regarding excessive bail requires us to make our own independent decision as to the requisite bond based upon the evidence presented at a hearing de novo. Lewis v. Telb (1985), 26 Ohio App.3d 11, 13.
Upon due consideration of the all the facts and circumstances in this case, we conclude that the trial court did not abuse its discretion in setting petitioner's bond.
Accordingly, petitioner's petition for writ of habeas corpus is not well-taken and is denied. Court costs of this action are assessed to petitioner.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.