**In re PERIANDRI.**

[Cite as *In re Periandri* (2001), 142 Ohio App.3d 588.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79322.

Decided April 19, 2001.

*Jerome Emoff*, for petitioner.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for respondent Gerald T. McFaul.

---

COONEY, Judge.

On March 9, 2001, the petitioner, Marco Periandri, commenced this habeas corpus action against the respondent, Sheriff Gerald McFaul. Periandri asserts a claim of excessive bail: in the underlying case, *State v. Periandri*, Cuyahoga County Common Pleas Court, case No. CR–404238, he is being held on bail of $2,500,000. In that case, he is charged with two counts of attempted aggravated murder, four counts of conspiracy to commit aggravated murder, one count of felonious assault, one count of kidnapping, two counts of intimidation, and two counts of retaliation. On March 29, 2001, this court issued the writ and ordered a hearing on the merits. That hearing went forward on April 5, 2001; Marco's wife and a sheriff's detective testified. For the following reasons, this court grants relief, lowering the amount of the bond to $150,000, prohibiting contact by any means with any witnesses, alleged victims from the underlying cases, sheriff's office personnel, and the prosecuting attorneys, and subjecting Marco to electronically monitored home detention supervised by the sheriff's office and the Cuyahoga County Probation Department; release from detention would be only for work, court appearances, and consultation with his attorney.

Marco Periandri has a son, age ten, and a daughter, age nine. He is an iron worker with a structural building company; his job would be available to him if he were released from jail. In July 1999, he and his current wife, Sheila, bought a house on West 156th Street in Cleveland; the monthly mortgage payment is $800. In 1996, Marco was convicted of a fifth-degree felony drug offense and successfully completed his sentence of one year probation. He does not have a passport, and he and his wife have not traveled extensively outside of Ohio.

The underlying cases apparently have their origin in 1994 when Marco's brother, Mitchell Periandri, worked at Ethan Allen. The allegations are that Mitchell sexually harassed and raped a female coworker.[1] Eventually, the grand jury indicted Mitchell Periandri for multiple counts of rape against the alleged victim and two other women.

After Mitchell's arrest and indictment, the alleged victim and others related to the cases began receiving threats. An informant who was in the same section of the jail as Mitchell Periandri reported that Mitchell wrote letters asking his brothers to silence the alleged victim; the sheriff's office was able to intercept some of these letters.

On the evening of February 27, 2001, the alleged victim was brutally attacked. She reported that five individuals participated in the attack. They beat her, causing multiple bruises. One of the assailants grabbed her, pulled her close, and said, "This is for my brother." They put a sack over her head, twisted and tied a telephone cord around her neck, and tried to strangle her. During the attempted strangulation, she heard one of the assailants ask, "Is she dead yet, Marco?" The assailant, whom she later identified as Marco Periandri, wore a black ski mask over his face. Her assailants left her in a parking lot. When she was found, she was taken to the hospital, and an investigation began into the attack.

Based on what the investigators learned, approximately seven sheriff's deputies went to Marco Periandri's home at 2:00 a.m. on February 28, 2001, awoke Marco and his wife, and arrested him. He was released from jail at 10:00 a.m. on March 2, 2001. Also on that day, the alleged victim identified Marco Periandri from a photographic array. She identified him from his size and build, the tone of his voice, and from his eyes and eyebrows, which, she claimed, were visible despite the ski mask. Another warrant for his arrest was issued.

Marco learned of this new warrant that afternoon, and he consulted with his attorney. His wife drove him to the Justice Center, where he turned himself in at 6:00 p.m., shortly after learning of the arrest warrant.

---

1. There is a pending civil suit arising out of these incidents.

Bond was set at $2,000,000 at the time of issuing the arrest warrant. The grand jury issued indictments on March 12, and on March 14, 2001, the arraignment was held, at which time the bond was raised to $2,500,000. Marco's counsel moved to reduce the bond. After a hearing on March 19, the trial court denied the motion.

The principles governing habeas corpus in these matters are well established. Under both the United States and Ohio Constitutions, "excessive bail shall not be required." If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed or denied. *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987, and *Lewis v. Telb* (1985), 26 Ohio App.3d 11, 26 OBR 179, 497 N.E.2d 1376. The purpose of bail is to secure the attendance of the accused at trial. *Bland v. Holden* (1970), 21 Ohio St.2d 238, 50 O.O.2d 477, 257 N.E.2d 397. In Ohio, the writ of habeas corpus protects the right to reasonable bail. *In re Gentry.* A person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. *In re Lonardo* (1949), 86 Ohio App. 289, 41 O.O. 313, 89 N.E.2d 502. Indeed, bail set at an unreasonable amount violates the constitutional guarantees. *Stack v. Boyle* (1951), 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3. Pursuant to Crim.R. 46, in determining what is reasonable bail, the court must weigh various factors: the nature and circumstances of the offense charged, the weight of the evidence, the accused's history of flight or failure to appear at court proceedings, his ties to the community, including his family, financial resources and employment, and his character and mental condition. After weighing these factors, the trial judge sets the amount of bail within his sound discretion. In a habeas corpus action to contest the reasonableness of bond, this court must determine whether the trial court abused its discretion. *Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045; *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987; *Lewis* (1985), 26 Ohio App.3d 11, 26 OBR 179, 497 N.E.2d 1376; and *In re Green* (1995), 101 Ohio App.3d 726, 656 N.E.2d 705.

Similar cases provide benchmarks for evaluating whether bail is reasonable. In *Jenkins v. Billy,* the Supreme Court of Ohio upheld a $250,000 cash bond[2] for a person charged with drug trafficking in three times the bulk amount. In *State ex rel. Garcia v. McFaul* (July 6, 1994), Cuyahoga App. No. 67410, unreported, Garcia was charged with possession of heroin exceeding three times the bulk amount, and her bond was set at $250,000. Furthermore, in that case, Garcia had no ties to the Cleveland area. She was a legal alien living in New

---

2.  In *State ex rel. Jones v. Hendon* (1993), 66 Ohio St.3d 115, 609 N.E.2d 541, the Supreme Court ruled under Crim.R. 46(C)(4) that a judge's discretion is limited to setting the amount of the bond. A judge may not condition that amount by stipulating a cash bond. To do otherwise would violate a person's constitutional right to enlist a surety to post bond.

York. Thus, her risk of flight was considerable. In *In re Petition of McGraw* (Sept. 24, 1992), Cuyahoga App. No. 64400, unreported, McGraw's bail was set at $200,000 for a multicount indictment for incest, sodomy, and rape. Additionally, he had an eleven-year history of missing court appearances, skipping bail, and traveling to Florida and South America. In *In re Hernandez* (1998), 126 Ohio App.3d 584, 710 N.E.2d 1187, this court found bail in the amounts of $1,000,000 and $3,000,000 in a major drug case excessive and reduced them to $250,000 and $750,000. For the $750,000 bail, this court noted that the defendant had a history of flight. In *Green*, 101 Ohio App.3d 726, 656 N.E.2d 705, this court reduced the bond from $500,000 to $250,000.

In the present case, there is no doubt that the charges are very serious. Allegations of a very violent attack on a victim and witness in a pending criminal case demand a high bond. However, the $2,500,000 bond is inconsistent with the benchmarks provided by previous cases. The court also notes the bond is inconsistent with the current Cuyahoga County Court of Common Pleas Bail Investigation Guidelines. The recommendation for bail for aggravated murder with a death specification begins as low as $500,000. For aggravated murder with no death specification, bail is recommended between $100,000 to $500,000.

Moreover, Marco Periandri presents a low risk of flight. He successfully completed probation several years ago. He does not have a passport, nor has he extensively traveled outside of Ohio. Most telling, however, is that when he learned that there was a warrant for his arrest on March 2, 2001, he voluntarily turned himself in within hours of being released from jail.

The state's legitimate concern for the safety of the community, the victims, witnesses, and law enforcement officers in the underlying cases is better addressed by imposing the conditions of no contact and electronically monitored home detention than by imposing unreasonable bail, which is prohibited by the Constitution. As the Supreme Court stated in *Stack*, "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." 342 U.S. at 4–5, 72 S.Ct. at 3–4, 96 L.Ed at 6–7.

Finally, Mr. Periandri raised in his petition the alternate claim that his arrests were without probable cause and without sufficient judicial investigation and protection. The grand jury indictments mooted this claim, and counsel did not pursue this theory as an alternative ground for relief at the hearing.

Accordingly, this court rules that a $2,500,000 bond for Marco Periandri is unreasonable and grants relief as follows: petitioner, Marco Periandri, in *State v.*

*Periandri,* Cuyahoga County Common Pleas Court, case No. CR–404238, is ordered released upon the posting of bond in the amount of $150,000 and upon the following conditions. He is to have no contact by any means, including, but not limited to, telephone, e-mail, or regular mail, with any witnesses, alleged victims in the underlying cases, sheriff's deputies, or the prosecuting attorneys assigned to this or any of the underlying cases. He is also ordered to submit to electronically monitored home detention supervised by the sheriff's unit and the Cuyahoga County Probation Department. He is allowed release for work in Cuyahoga County, for court appearances, and for consultation with his attorney. Any deviation from the terms and conditions of this bond must be approved by the trial court judge. Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Writ granted.*

KARPINSKI, A.J., and TIMOTHY E. MCMONAGLE, J., concur.