JOURNAL ENTRY and OPINION
{¶ 1} Petitioner is the defendant in State v. Whitt, Cuyahoga County Court of Common Pleas, Case No. 423618. On June 27, 2002, petitioner commenced this habeas corpus action to reduce bond. Petitioner contends that the bail set by the common pleas court in the amount of $100,000 is excessive and requests that this court reduce his bail to $20,000. On July 3, 2002, respondent, through the Cuyahoga County Prosecutor's Office, filed a brief in opposition.
{¶ 2} The record before this court indicates that the petitioner was initially charged with rape and his bond was set at $500,000 by the Shaker Heights Municipal Court. Petitioner was subsequently indicted by the grand jury for one count of rape and one count of kidnapping. On June 5, 2002, at petitioner's arraignment, the court reduced the petitioner's bond to $100,000 cash, surety or property. Thereafter, on June 10, 2002, the petitioner, through counsel, filed a motion to reduce bond which was heard by Judge Mary Boyle. After the court heard oral evidence, it denied the motion to reduce bond, . . . due to the serious nature of the offenses of rape and kidnapping of which the defendant is charged in order to protect the public and this community and its welfare and further should defendant be convicted he faces mandatory incarceration.
{¶ 3} Our review of this action in habeas corpus is well-settled. This court must determine whether the trial court abused its discretion. Jenkins v. Billy (1989), 50 Ohio St.3d 270, 538 N.E.2d 1045; In re Gentry (1982), 7 Ohio App.3d 143, 454 N.E.2d 987; Lewis v. Telb (1985), 26 Ohio App.3d 11, 497 N.E.2d 1376; In re Green (1995),101 Ohio App.3d 726, 656 N.E.2d 705.
{¶ 4} An abuse of discretion means more than an error of law or an error of judgment. It means an action that is arbitrary, unreasonable, unconscionable, or clearly against reason and evidence. It has also been defined as a view or action that no conscientious judge, acting intelligently, could have honestly taken. State ex rel. Wilms v. Blake (1945), 144 Ohio St. 619, 624, 60 N.E.2d 308, citing Long v. George (1936), 296 Mass. 574, 579, 7 N.E.2d 149; Gentry; State ex rel. Great Lakes College, Inc. v. State Medical Board (1972), 29 Ohio St.2d 198,280 N.E.2d 900; State ex rel. Alben v. State Employment Relations Board,76 Ohio St.3d 133, 1996-Ohio-120, 666 N.E.2d 1119; and State ex rel. Bryant v. Kent City School District Board of Education (1991),71 Ohio App.3d 748, 595 N.E.2d 405.
{¶ 5} Pursuant to Crim.R. 46, in determining what is reasonable bail, the court must consider all relevant information including, but not limited to the nature and circumstances of the crime charged; the weight of the evidence against the defendant; the confirmation of the defendant's identity; the defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution; and whether the defendant is on probation, a community control sanction, parole, post-release control, or bail.
{¶ 6} In support of his position that bond is excessive, petitioner asserts that he is a 1995 graduate of Trotwood High School in Dayton, Ohio, and was honorably discharged from the U.S. Army in 1998. Petitioner states that he has worked as a truck driver for Williams Trucking Company in Solon, Ohio, for the past two years, and has resided with his sister and brother-in-law in Shaker Heights, Ohio for the past one and one-half years. Petitioner further states that he has never been convicted of a felony offense or crime of violence, and he voluntarily turned himself in to the Shaker Heights Police when he became aware of the charges.
{¶ 7} The respondent argues that the trial court did not abuse its discretion based upon the substantial evidence against petitioner, the seriousness and violent nature of the crimes, and the severity of potential penalties. The respondent also argues that the petitioner poses a considerable risk of flight because he has no financial interest or other interest in property in the area, has limited family ties, and his occupation as a truck driver is marketable throughout the country.
{¶ 8} After considering the factors as set forth in Crim.R. 46, we cannot conclude that the trial court abused its discretion in setting bail. We initially note that in petitioner's favor, he has no prior felony convictions and he voluntarily turned himself in to the Shaker Heights Police Department. However, we find that petitioner has few ties to the community. While his sister and brother-in-law reside in Shaker Heights, petitioner has only resided with them for one and one-half years. Furthermore, petitioner's employment as a truck driver would make it easy for him to abscond from the area.
{¶ 9} The serious offenses charged in the indictment also favor the respondent's position. If an accused is charged with crimes the conviction for which would result in long incarceration, with little hope of early release or probation, the incentive to abscond is greater and the amount must be such as to discourage the accused from absconding. Bland v. Holden (1970), 21 Ohio St.2d 238, 257 N.E.2d 397. Additionally, at this stage of the proceedings, this court must assume the truth of the allegations of the indictment in considering the seriousness of the offense charged for the purpose of fixing bail. In re Gentry (1982),7 Ohio App.3d 143, 454 N.E.2d 987. Furthermore, this court would note that the $100,000 bond is consistent with the Bail Investigation Guidelines for rape and kidnapping.
{¶ 10} Accordingly, petitioner's application for a writ of habeas corpus is denied. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R 58(B).
Writ denied.
MICHAEL J. CORRIGAN, P.J. and DIANE KARPINSKI, J. CONCUR