HABEAS JOURNAL ENTRY AND OPINION
{¶ 1} On March 31, 2003, Joseph Armendariz, the petitioner, filed a petition for a writ of habeas corpus through which he seeks a reduction in bail. In the underlying action of State v. Armendariz, Cuyahoga County Court of Common Pleas Case No. 435203, Armendariz was indicted for one count of possession of drugs, cocaine, in an amount equal to or exceeding 1,000 grams with a major drug offender specification (R.C. 2925.11 and2941.1410), one count of trafficking in drugs, cocaine, in an amount exceeding 1,000 grams with a major drug offender specification (R.C.2925.03 and R.C. 2941.1410) and one count of possessing criminal tools (R.C. 2923.24). Bail was set in the amount of $1,000,000. On March 26, 2003, a hearing was held with regard to a motion to reduce bail that was filed by Armendariz. Following the hearing, the trial court refused to reduce the amount of bail which had been originally set at $1,000,000. Gerald T. McFaul, Cuyahoga County Sheriff, the respondent, has filed a brief in opposition to the petition for a writ of habeas corpus.
 {¶ 2} Initially, we find that Armendariz has failed to comply with the requirements of R.C. 2725.04 and Loc.App.R. 45(B)(1)(a) which provide that a petition for a writ of habeas corpus must be verified. The failure of Armendariz to verify the petition for a writ of habeas corpus requires its dismissal. Chari v. Vore, 91 Ohio St.3d 32, 2001-Ohio-49,744 N.E.2d 763; State ex rel. Crigger v. Ohio Adult Parole Authority,82 Ohio St.3d 270, 1998-Ohio-239, 695 N.E.2d 254; State ex rel. Woods v.State (May 21, 2001), Cuyahoga App. No. 79577. Also, the failure of Armendariz to support his petition for a writ of habeas corpus with an affidavit, specifying the details of the claim as required by Loc.App.R. 45(B)(1)(a), requires dismissal. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese
(Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 3} Notwithstanding the fact that Armendariz's petition for a writ of habeas corpus is procedurally defective, we find that a substantive review of the petition fails to support the request for a reduction in the amount of bail. Pursuant to the United States Constitution and the Ohio Constitution, "excessive bail shall not be required." If a charged offense is bailable, a defendant possesses a right to reasonable bail which may not be infringed or denied. Lewis v.Telb (1985), 26 Ohio App.3d 11, 497 N.E.2d 1376; In re Gentry (1982),7 Ohio App.3d 143, 454 N.E.2d 987. The purpose of bail is to secure the defendant's attendance at trial and the writ of habeas corpus protects the right to reasonable bail. Bland v. Holden (1970), 21 Ohio St.2d 238,257 N.E.2d 397. A defendant charged with a bailable criminal offense cannot be required to furnish bail in an excessive or unreasonable amount. In re Lonardo (1949), 86 Ohio App. 289, 89 N.E.2d 502.
 {¶ 4} In order to determine the amount of reasonable bail, the trial court must consider Crim.R. 46 which provides, inter alia, that the following must be considered: (1) nature and circumstances of the charged offense; (2) the weight of the evidence; (3) confirmation of the defendant's identity; (4) the accused history of flight to appear at court proceedings; (5) the defendant's ties to the community, including family, financial resources and employment; (6) the defendant's character; (7) defendant's prior convictions; and (8) defendant's mental condition. After weighing the aforesaid factors, the trial court sets the amount of bail within its sound discretion. Through a petition for a writ of habeas corpus, this court determines whether the trial court abused its discretion in setting the amount of bail. Jenkins v. Billy (1989),43 Ohio St.3d 84, 584 N.E.2d 1045; In re Gentry, supra; In re Green
(1995), 101 Ohio App.3d 726, 656 N.E.2d 705.
 {¶ 5} An abuse of discretion connotes more than just an error of law or an error of judgment. A judgement which is arbitrary, unreasonable, tyrannical, unconscionable or clearly against reason and evidence has been defined as an abuse of discretion. In addition, an abuse of discretion has been defined as "a view or action that no conscientious judge, acting intelligently, could have honestly taken."State ex rel. Alben v. State Employment Relations Board, 76 Ohio St.3d 133,1996-Ohio-120, 666 N.E.2d 1119; State ex rel. Great Lakes College, Inc.v. State Medical Board (1972), 29 Ohio St.2d 198, 280 N.E.2d 900: Stateex rel. Wilms v. Blake (1945), 144 Ohio St. 619, 60 N.E.2d 308.
 {¶ 6} In the case sub judice, we find that the trial court did not abuse its discretion by refusing to lower bail from the amount of $1,000,000. The transcript of the hearing, held on March 26, 2003, with regard to the motion to reduce bail, reveals that Armendariz has been charged with two extremely serious crimes which involve the offenses of possession of drugs and trafficking in drugs with major drug offender specifications. Both of these offenses, upon conviction, require the mandatory imposition of terms of incarceration of ten years on each count plus an additional one to ten years of incarceration with regard to each specification. Further review of the transcript of the hearing held with regard to the motion to reduce bail further demonstrates that: (1) Armendariz has no family ties within Ohio; (2) Armendariz is not employed within Ohio; (3) Armendariz possesses limited financial resources; (4) Armendariz's principal residence is located in California; (5) Armendariz possesses only a month-to-month lease for an apartment located in Ohio; and (6) Armendariz was previously convicted for the offenses of attempted murder and attempted robbery with a firearm. In fact, the trial court, at the conclusion of the hearing on March 26th, stated that:
 {¶ 7} "Now, the Court has taken into consideration the defendant's ties to the community, the Court is also taking into consideration that the defendant has been convicted of attempted murder and robbery, attempted robbery with a firearm, so he has a prior record, that his permanent residence is in San Bernardino, California. That in this case the defendant, if convicted, is facing a very substantial mandatory period of time of incarceration, as outlined by the prosecutor. That the nine kilos of cocaine in all probability have a street value far in excess of $1,000,000.
 {¶ 8} "The Court is also in agreement with whoever set this bond now at $1,000,000. I don't know that $3,000,000 in the Court's opinion was excessive.
 {¶ 9} "The Court believes that a reasonable bond should be set in this case, but the Court believes that there is, in the Court's opinion, a great probability of flight should the defendant make bond. And that under the circumstances that I've indicated here; prior record, defendant's home in California, the mandatory prison time that he's facing which is substantial, nine kilos of cocaine with a value far in excess of $1,000,000 on the street, that the $1,000,000 bond set in this case is deemed bythis Court to be reasonable. And the motion to reduce the bond from $1,000,000 is denied."
 {¶ 10} Based upon the testimony and evidence adduced during the bail reduction hearing, it was not unreasonable, arbitrary or unconscionable for the trial court to refuse to reduce the amount of bail which was originally set in the amount of $1,000,000. Clearly, the trial court did not abuse its discretion in refusing to lower the amount of Armendariz's bail. Muntaser v. McFaul (June 6, 2002), Cuyahoga App. No. 81165; Birner v. McFaul (Nov. 21, 2001), Cuyahoga App. No. 80408; Stateex rel. Norman v. McFaul (Apr. 8, 1999), Cuyahoga App. No. 76231.
 {¶ 11} Accordingly, we deny Armendariz's petition for a writ of habeas corpus. Armendariz to pay costs. The Clerk of the Eighth District Court of Appeals is directed to serve upon all parties notice of this judgment and date of entry upon the journal as mandated by Civ.R. 58(B).
Petition denied.
JAMES J. SWEENEY, J., and SEAN C. GALLAGHER, J., CONCUR.