[Cite as *State ex rel. Hassen v. Maier*, 2014-Ohio-3459.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE EX REL., | : | JUDGES: |
| JOSEPH HASSEN | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| GEORGE T. MAIER | : | Case No. 2014CA00109 |
| STARK COUNTY SHERIFF | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Writ of Habeas Corpus



JUDGMENT:                                            Dismissed



DATE OF JUDGMENT:                            August 4, 2014



APPEARANCES:

For Plaintiff-Petitioner                          For Defendant-Respondent

DONALD GALLICK                              JOHN D. FERRERO
190 North Union Street #102              Stark County Prosecuting Attorney
Akron, OH 44304

                                                        By: ROSS RHODES
                                                        Assistant Prosecuting Attorney
                                                        Chief of the Civil Division
                                                        110 Central Plaza South, Suite 510
                                                        Canton, OH 44702

*Baldwin, J.*

{¶1}    Petitioner, Joseph Hassen, has filed an Original Action in Habeas Corpus alleging unlawful detention due to excessive bail.  Respondent has filed an Answer, Return and Motion to Dismiss.

{¶2}    Petitioner was charged with a felony violation of a protection order.  While out on bond on that charge, Petitioner was charged with a second felony violation of a protection order.  The trial court set Petitioner's bond at 1.5 million dollars.

{¶3}    "The principles governing habeas corpus in these matters are well established. Under both the United States and Ohio Constitutions, 'excessive bail shall not be required.' If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed or denied. *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987, and *Lewis v. Telb* (1985), 26 Ohio App.3d 11, 26 OBR 179, 497 N.E.2d 1376. The purpose of bail is to secure the attendance of the accused at trial. *Bland v. Holden* (1970), 21 Ohio St.2d 238, 50 O.O.2d 477, 257 N.E.2d 397. In Ohio, the writ of habeas corpus protects the right to reasonable bail. *In re Gentry.* A person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. *In re Lonardo* (1949), 86 Ohio App. 289, 41 O.O. 313, 89 N.E.2d 502. Indeed, bail set at an unreasonable amount violates the constitutional guarantees. *Stack v. Boyle* (1951), 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3. Pursuant to Crim.R. 46, in determining what is reasonable bail, the court must weigh various factors: the nature and circumstances of the offense charged, the weight of the evidence, the accused's history of flight or failure to appear at court proceedings, his

ties to the community, including his family, financial resources and employment, and his character and mental condition. After weighing these factors, the trial judge sets the amount of bail within his sound discretion. In a habeas corpus action to contest the reasonableness of bond, this court must determine whether the trial court abused its discretion. *Jenkins v. Billy* (1989), 43 Ohio St.3d 84, 538 N.E.2d 1045; *In re Gentry* (1982), 7 Ohio App.3d 143, 7 OBR 187, 454 N.E.2d 987; *Lewis* (1985), 26 Ohio App.3d 11, 26 OBR 179, 497 N.E.2d 1376; and *In re Green* (1995), 101 Ohio App.3d 726, 656 N.E.2d 705." *In re Periandri*, 142 Ohio App. 3d 588, 591, 756 N.E.2d 682, 684 (8th Dist.).

{¶4} "What bail is or is not reasonable is a question for the exercise of sound discretion by the court. The decision is dependent upon all the facts and circumstances in each individual case. *Bland v. Holden* (1970), 21 Ohio St.2d 238, 257 N.E.2d 397 [50 O.O.2d 477]." *Petition of Gentry*, 7 Ohio App. 3d 143, 145, 454 N.E.2d 987, 989-90 (1982).

{¶5} One of the factors in Crim.R. 46(C)(5) is whether the defendant is under a protection order. In this case, it is alleged that Petitioner has committed multiple offenses while under a protection order. We cannot say under these circumstances that we find the trial court abused its discretion in setting the bond in this case given the nature of the charges, the fact that the most recent charge is alleged to have been committed while Petitioner was out on bond, and the multiple charges for the same offense. For this reason, the motion to dismiss is granted.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.