[Cite as *In re Wesley v. Cuyahoga Cty. Court of Common Pleas*, 2020-Ohio-4921.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

IN RE NELSON ROY WESLEY,  :

    Relator,  :

                                No. 109930

    v.  :

CUYAHOGA COUNTY COURT OF
COMMON PLEAS,  :

    Respondent.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** October 9, 2020

---

Writ of Mandamus
Motion No. 541138
Order No. 541463

---

### *Appearances:*

Nelson Roy Wesley, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Relator, Nelson Roy Wesley, seeks a writ of mandamus directing respondent, the Cuyahoga County Common Pleas Court, and more specifically,

Judge John D. Sutula, to rule on pending motions to reinstate bond and to allow relator to be bailable. For the reasons that follow, we deny the requested writ.

## I. Factual and Procedural Background

{¶ 2} On September 8, 2020, relator filed a complaint for writ of mandamus. There, he alleged that he was being held in Cuyahoga County Jail awaiting trial in *State v. Wesley*, Cuyahoga C.P. No. CR-18-628491-A on charges of failure to comply and criminal damaging (the "failure to comply case"). He alleged that he was released on bond in this case. He failed to attend a pretrial because he was serving a short term of incarceration for violating terms of his postrelease control. His bond was revoked, but later reinstated. Bond was again revoked because he was unable to attend a pretrial hearing as a result of being arrested and indicted in a separate case, *State v. Wesley*, Cuyahoga C.P. No. CR-19-639908.[1] There, he was charged with attempted murder, felonious assault, and various other crimes (the "attempted murder case"). A $100,000 bond was set in that case.

{¶ 3} Through counsel, relator filed three motions to reinstate bond in the failure to comply case. Relator alleged that the first motion was filed on August 21, 2019. In the motion, relator argued that bond should be reinstated in this case because he was involuntarily absent from a pretrial hearing because he had been arrested and was in jail in Cleveland Heights. He further asserted that once bond

---

[1] Relator was initially indicted in Cuyahoga C.P. No. CR-18-634238-A, but the charges in that case were later dismissed without prejudice and a superseding indictment was filed.

was reinstated in the failure to comply case, he could then post bond in the attempted murder case. According to the complaint, respondent denied that motion on October 21, 2019.

{¶ 4} Thereafter, relator filed two additional motions to reinstate bond on February 13, 2020, and June 17, 2020. Relator asserts that no rulings on these two pending motions have been journalized. In his second claim for relief, he asks this court to issue a writ of mandamus directing respondent to rule on these pending motions.

{¶ 5} Relator further asserts in his first claim for relief that because of a serious heart condition and the dangers posed by being jailed without the possibility of bail during a pandemic, this court should issue a writ of mandamus directing respondent to "[p]romptly refrain from its action of revoking the petitioner's bond * * * and perform its public duty of allowing the petitioner the specific right to be bailable."

{¶ 6} On September 10, 2020, this court sua sponte issued an alternative writ directing respondent to show cause by September 17, 2020, why a writ of mandamus should not issue to compel respondent to rule on the pending motions. We also, sua sponte, denied relator's request to direct respondent to reinstate bond because a writ of mandamus could not be used to control judicial discretion.

{¶ 7} On September 15, 2020, respondent filed a response to the show cause order, arguing that the action is now moot. Respondent asserted that the pending motions to reinstate bond were denied on September 15, 2020, and

attached a certified copy of the journal entry and opinion. Respondent also filed a motion for summary judgment. There, he asserted that the second claim for relief was moot because rulings on relator's two motions to reinstate bond had been entered. Respondent also argued that he was entitled to judgment on relator's first claim for relief because mandamus could not be used to control judicial discretion.

{¶ 8} On September 28, 2020, relator filed a brief in opposition to respondent's motion for summary judgment. Relator also sought reconsideration of our decision dismissing his first claim for relief.

## II. Law and Analysis

{¶ 9} The present action is before this court on respondent's motion for summary judgment. Pursuant to Civ.R. 56,

> summary judgment is warranted if (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party.

*State ex rel. Jackson v. Ambrose*, 151 Ohio St.3d 536, 2017-Ohio-8784, 90 N.E.3d 922, ¶ 14, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Respondent has the burden of demonstrating that there is no genuine issue of material fact and judgment must be rendered in his favor as a matter of law. *Id.*

### A. Rulings on Motions to Reinstate Bond

{¶ 10} A writ of mandamus is an extraordinary remedy that will issue when relators successfully demonstrate, by clear and convincing evidence, (1) that they

possess a clear legal right to the requested relief, (2) that respondent has a clear legal duty to provide the requested relief, and (3) they possess no other adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983), quoting *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42, 374 N.E.2d 641 (1978). A writ of mandamus may be used to require a judge to issue a ruling on a particular matter, but may not be used to control what decision is issued. *Patterson v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. Cuyahoga No. 107755, 2019-Ohio-110, ¶ 13, quoting *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 119, 515 N.E.2d 914 (1987), citing R.C. 2731.03; *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380, 377 N.E.2d 494 (1978). That is, mandamus may not be used to control judicial discretion. *State ex rel. Williams v. Sieve*, 130 Ohio St.3d 207, 2011-Ohio-5258, 957 N.E.2d 12, ¶ 1, citing *State ex rel. Avery v. Union Cty. Court of Common Pleas*, 125 Ohio St.3d 35, 2010-Ohio-1427, 925 N.E.2d 969, ¶ 1.

{¶ 11} Further, where relators seek to compel a respondent to issue a ruling, and during the course of the action the respondent issues such a ruling, the relators have then received all the relief to which they are entitled. The action, therefore, becomes moot. *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55, ¶ 7.

{¶ 12} Respondent has issued rulings on relator's pending motions. Therefore, relator has received the relief requested in his second claim, and this claim is moot.

## B. Reconsideration

{¶ 13} Relator asks this court to reconsider our decision sua sponte dismissing his first claim for relief in mandamus. Relator claims that he is not seeking to control judicial discretion, but seeks only to have respondent fulfill his legal obligation to make relator bailable. He claims that if the trial court denies the motion to reinstate bond, then respondent has a legal duty to set a new bond.

{¶ 14} This court's ruling is interlocutory in nature and subject to reconsideration. *See Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981), fn. 1. Therefore, we will address the first claim for relief in this opinion.

{¶ 15} Relator's first claim for relief is not one that is capable of being achieved in mandamus. It was sua sponte dismissed in this court's September 10, 2020 journal entry. A claim is subject to dismissal, sua sponte, when "it appears beyond doubt, after presuming the truth of all material factual allegations of [relator's] complaint and making all reasonable inferences in its favor, that [relator] is not entitled to the requested extraordinary relief in mandamus." *State ex rel. JobsOhio v. Goodman*, 133 Ohio St.3d 297, 2012-Ohio-4425, 978 N.E.2d 153, ¶ 12, citing *State ex rel. Johnson v. Richardson*, 131 Ohio St.3d 120, 2012-Ohio-57, 961 N.E.2d 187, ¶ 12.

{¶ 16} As set forth previously, mandamus may not be used to control judicial discretion, even where that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 119, 515 N.E.2d 914 (1987). "Thus, mandamus does not

lie to correct errors and procedural irregularities in the course of a case." *State ex rel. Scott v. Gall*, 8th Dist. Cuyahoga No. 109325, 2020-Ohio-929, ¶ 7, citing *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994).

{¶ 17} A trial judge is vested with discretion by Crim.R. 46(E) and (I) to amend the terms and conditions of bond following violations of such conditions, including the revocation of bond as provided by law. *State v. Smith*, 2d Dist. Montgomery No. 28265, 2019-Ohio-5015, ¶ 42-43.

{¶ 18} In a remarkably similar case brought as a petition for writ of habeas corpus, the Seventh District found that a trial court was within its discretion in revoking and not reinstating bond in a case after the defendant was charged in another case with several serious felonies, including attempted murder. *In re Mason*, 116 Ohio App.3d 451, 454, 688 N.E.2d 552 (7th Dist.1996). The court determined that "[w]here an accused is free on bail, * * * and the court determines that the accused has violated conditions of bail, whether the conditions be express or implied, the accused is subject to the court's sanctioning authority for violation of the conditions, including revocation of bail bond." *Id.* at 454. *Accord State v. Kremer*, 12th Dist. Warren Nos. CA2017-07-115 and CA2017-07-116, 2018-Ohio-3339, ¶ 25-26 (finding that a trial court was within its discretion to revoke bail when a defendant was indicted on new charges). These cases establish that a trial judge has discretion to revoke bond in circumstances similar to relator's. Such discretion may not be controlled through a writ of mandamus.

{¶ 19} Relator claims that he is entitled to reasonable bail under Article I, Section Nine of the Ohio Constitution and the Eighth Amendment to the United States Constitution. He further claims that respondent has a legal duty to allow relator to post bond. However, habeas corpus is an appropriate means to address the terms and conditions of bond. *Jenkins v. Billy*, 43 Ohio St.3d 84, 85, 538 N.E.2d 1045 (1989), citing *State v. Bevacqua*, 147 Ohio St. 20, 67 N.E. 2d 786 (1946). This court has previously held that "[i]n Ohio, the writ of habeas corpus protects the right to reasonable bail." *Periandri v. McFaul*, 142 Ohio App.3d 588, 591, 756 N.E.2d 682 (8th Dist.2001), citing *In re Gentry*, 7 Ohio App.3d 143, 454 N.E.2d 987 (6th Dist.1982). Relief in habeas corpus is also the appropriate remedy if relator is being "'unlawfully restrained of his liberty.'" *Smith v. Leis*, 165 Ohio App.3d 581, 2006-Ohio-450, 847 N.E.2d 485, ¶ 7 (1st Dist.), quoting R.C. 2725.01.

{¶ 20} If relator has a claim for relief, it lies in habeas corpus, not mandamus.[2] Further, this court cannot treat this claim for relief as sounding in habeas corpus. *State ex rel. Goodgame v. Russo*, 8th Dist. Cuyahoga No. 97347, 2012-Ohio-92, ¶ 3 ("to the extent that *Goodgame* is arguing a denial of bond or excessive bail, the proper remedy in Ohio is a writ of habeas corpus which has very

---

[2] However, relief in habeas corpus is not assured. In a similar case, the Sixth District found that a trial court has discretion to revoke bond and hold a defendant in custody pending trial where the defendant violated conditions of bond. The court held that "having established that the trial court had both jurisdiction and authority to find that appellant violated the conditions of his bond and to revoke the bond, we find that petitioner is not entitled to a writ of habeas corpus." *Fortner v. Sigsworth,* 6th Dist. Lucas No. L-12-1175, 2012-Ohio-3609, ¶ 11.

different pleading requirements than a writ of mandamus"). Such "claims can be maintained only against the jailer or warden who presently has legal custody of the individual." *Hamilton v. Collins*, 11th Dist. Lake No. 2003-L-094, 2003-Ohio-4104, ¶ 3. *See also Carman v. Croucher*, 8th Dist. Cuyahoga No. 109291, 2020-Ohio-498, ¶ 7, citing *Whitman v. Shaffer*, 8th Dist. Cuyahoga No. 94486, 2010-Ohio-446, ¶ 3.

{¶ 21} Relator has only named the Cuyahoga County Common Pleas Court as respondent in this action — not the jailer or warden who has legal custody over him. The failure to name the appropriate official as a respondent in an action for habeas corpus requires dismissal. *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001); *Carman* at *id.*

{¶ 22} Based on these grounds, relator's motion for reconsideration is denied. This court's sua sponte dismissal of relator's first claim for relief was not incorrectly decided.

{¶ 23} Therefore, respondent's motion for summary judgment is granted. Relator's second claim for relief is moot in light of respondent's ruling on the pending motions. Relator's first claim for relief was sua sponte dismissed, and relator's arguments for reconsideration provide no reason for reversing that decision. Costs to respondent; costs waived. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 24} Writ denied.

_____

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR