[Cite as *In re Albert v. O'Malley*, 2022-Ohio-2688.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE STEPHEN ALBERT II      :

    Petitioner,          :

                                  No. 111631

    v.                  :

THOMAS F. O'MALLEY, JUDGE, ET AL.  :

    Respondents.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION GRANTED
**DATED:** July 29, 2022

---

Writ of Habeas Corpus
Order No. 555910

---

### *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for petitioner*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Brandon Piteo, and Anthony T. Miranda, Assistant Prosecuting Attorneys, *for respondents*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} On June 16, 2022, the petitioner, Stephen Albert II, commenced this habeas corpus action on the grounds that his $250,000 bond for two counts of first-

degree felony discharge of a firearm on or near prohibited premises and four counts of felonious assault was excessive, in the underlying case, *State v. Albert,* Cuyahoga C.P. No. CR-22-666623-A.[1]  Pursuant to court order, the respondents filed their brief in opposition on June 22, 2022, and the petitioner filed a reply brief on June 29, 2022.  This court, pursuant to Article I, Section 10a of the Ohio Constitution then ordered the prosecutor to notify the victims of the subject crime that they may exercise their rights.  On July 8, 2022, this court issued the writ of habeas corpus and commanded the respondents to have the petitioner appear before this court for a hearing on the merits on July 19, 2022.

{¶ 2}  At the hearing, counsel presented arguments and evidence.  The petitioner's mother testified as to her financial resources and her ability to supervise her son if released.  The petitioner's juvenile probation officer and the investigating detective testified for the respondents regarding petitioner's identity, juvenile delinquency record, and the evidence against him.  The father of one of the victims exercised his rights under Article I, Section 10a of the Ohio Constitution and related the serious injury inflicted on his son.  The facts of the events were detailed during the July 19, 2022 hearing in the court of appeals.

{¶ 3}  On February 4, 2021, two young men shot at a group of three teenagers, two of whom were shot in the thigh.  Gas station surveillance cameras

---

[1] The named respondents are Thomas F. O'Malley, Administrative Judge of the Juvenile Court; Timothy McDevitt, Juvenile Court Administrator; Brandon Winarchick, Superintendent of the Juvenile Detention Center; and Steven Hammett, Cuyahoga County Sheriff.

showed the involved individuals walking to, from, into, and in the gas station. The exterior camera showed the young men walking down the street and then holding their position. The camera also showed the three teenagers subsequently walking down the street, and two teenagers being shot.

{¶ 4} The investigating detective published a still shot from the interior camera, and a Cleveland police officer identified the shooter as Stephen Albert.[2] Subsequently, one of the victims identified Albert as the shooter through a photo line-up. The detective also confirmed Albert's identity through pictures on his Instagram page.

{¶ 5} At the time of the shooting, Albert was 15 years old. The juvenile court set bail at $250,000 and then after a hearing bound him over to the General Division of the Cuyahoga County Court of Common Pleas. The grand jury indicted him on two counts of discharge of a firearm on or near a prohibited premises injuring a person in violation of R.C. 2923.162(A)(3), first-degree felonies, and four counts of felonious assault in violation of R.C. 2903.11(A)(1) and (A)(2), second-degree felonies. Further, each count within the indictment contained one- and three-year firearm specifications in violation of R.C. 2941.141(A) and 2941.145(A), respectively. Upon arraignment, the common pleas court continued the $250,000 bond set. Thereafter, petitioner filed a motion to reduce bond, which the state of Ohio opposed, and the trial court denied without a hearing.

---

[2] The victims quickly identified the young man who was wearing a red hoodie, but he was not the shooter. The other young man, who was wearing a white hoodie, was the shooter.

{¶ 6} Petitioner now brings this verified complaint in habeas corpus to contest his bond as excessive. He argues that he is a juvenile and indigent and that his mother and family cannot afford a $250,000 bond because she works part-time at a grocery store earning $10.00 an hour. The mother testified that she could supervise her son at her home with the aid of her mother. Petitioner has no driver's license and no passport. Petitioner proffers that he has no ties outside of the Cleveland area and thus is not a flight risk. He further argues that the state does not oppose bond because it did not invoke the remedies under R.C. 2937.222 to protect the safety of the community.

{¶ 7} The principles governing habeas corpus in these matters are well established. Under both the United States and Ohio Constitutions, "excessive bail shall not be required." If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed or denied. *In re Gentry*, 7 Ohio App.3d 143, 454 N.E.2d 987 (6th Dist.1982), and *Lewis v. Telb*, 26 Ohio App.3d 11, 497 N.E.2d 1376 (6th Dist.1985). The purpose of bail is to secure the attendance of the accused at trial. *Bland v. Holden*, 21 Ohio St.2d 238, 257 N.E.2d 397 (1970), and *DuBose v. McGuffey*, Slip Opinion No. 2022-Ohio-8.

{¶ 8} In *DuBose*, the Ohio Supreme Court considered whether the appellate court properly determined the bail set in that case was excessive. In reviewing whether the bail set in *Dubose* was excessive, the Ohio Supreme Court noted that

[a]s amended, Crim.R. 46(B) specifies that the financial conditions of release must be related to "the defendant's risk of non-appearance, the

seriousness of the offense, and the previous criminal record of the defendant." At the same time, the rule continues to provide:

[I]n determining the types, amounts, and conditions of bail, the court shall consider all relevant information, including but not limited to:

(1) The nature and circumstances of the crime charged, and specifically whether the defendant used or had access to a weapon;

(2) The weight of the evidence against the defendant;

(3) The confirmation of the defendant's identity;

(4) The defendant's family ties, employment, financial resources, character, mental condition, length of residence in the community, jurisdiction of residence, record of convictions, record of appearance at court proceedings or of flight to avoid prosecution;

(5) Whether the defendant is on probation, a community control sanction, parole, post-release control, bail, or under a court protection order.

*Id.* at ¶ 27. After a de novo review of the record in *DuBose,* the Ohio Supreme Court held that the appellate court properly determined that the trial court "unlawfully set the bail amount so high so as to ensure that DuBose could not get out." *DuBose* at ¶ 33.

{¶ 9} In Ohio, the writ of habeas corpus protects the right to reasonable bail. *In re Gentry.* A person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. *In re Lonardo,* 86 Ohio App. 289, 89 N.E.2d 502 (8th Dist.1949). Indeed, bail set at an unreasonable amount violates the constitutional guarantees. *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). After weighing these factors, the court sets the amount of bail within its sound discretion. "Whether a particular bail determination

is unconstitutionally excessive is a question of law appropriate for de novo review." *DuBose* at ¶ 15.

{¶ 10} As the Supreme Court stated in *Stack*, "[t]his traditional right to freedom before conviction permits the unhampered preparation of a defense and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Stack* at 4-5.

{¶ 11} In this case, no hearing was conducted on the motion to reduce bond at the trial court level. This court recognizes that public safety concerns likely were considered in the setting and continuing of the $250,000 bond. Nevertheless, this court is bound by the Ohio Supreme Court's ruling in *DuBose* that limits the financial conditions of bond to those that relate to the defendant's risk of nonappearance, the seriousness of the offense, and the previous criminal record of the defendant. *Id.,* Slip Opinion No. 2022-Ohio-8, at ¶ 23-24. The nature and circumstances of the crime charged are very serious. Albert potentially faces decades in prison if convicted of the multiple felonies and firearm specifications charged. The evidence weighs heavily against the petitioner. The gas station store video recorded the entire incident. One of the victims identified the petitioner in a photo line-up. Another police officer identified him through the surveillance video, and the investigating detective further confirmed the petitioner's identity through his Instagram page.

{¶ 12} The two victims were shot in the thigh. The father of one of the victims testified that his son's thigh bone was shattered and has required extensive medical treatment, and that his son endures significant pain. Moreover, the petitioner's Instagram page showed him with a firearm with an extended magazine. The investigating officer testified that because of the magazine's transparent nature, it seemed to be loaded with live rounds.

{¶ 13} Petitioner was on juvenile court probation. In *In re: Stephen Albert*, Cuyahoga J.C. No. DL21101240, petitioner admitted to unauthorized use of a motor vehicle, carrying a concealed weapon, possessing a defaced firearm, and obstructing official business, along with forfeiture of weapons specifications. In *In the Matter of: Stephen Albert*, Cuyahoga J.C. No. DL22100803, he admitted to aggravated riot and misdemeanor assault. However, his probation officer testified that he was often not available for probation telephone calls and lived outside of his mother's home for periods of time.

{¶ 14} The seriousness of the offense, the harm done, the possibility of a long prison sentence, the weight of the evidence, and the clarity of identification are compelling reasons for Albert to flee. His disregard of probations restrictions evidences a mindset to flee or at least to disregard the sanction. Accordingly, despite petitioner's lack of financial resources and apparent lack of ties outside of Cleveland, this court concludes that the risk of flight is substantial and the amount of bail must reflect that. This court grants relief as follows: bail is set at $125,000, cash, surety, or 10 percent bond. Additionally, the court orders as a condition of bail the

maximum supervision available under the capabilities of the Cuyahoga County Common Pleas Court. Each side to bear its own costs. This court directs the clerk of court to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 15} The writ of habeas corpus is issued and relief granted.[3]

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

[3] This court notes that the recent amendment to Crim.R. 46 as discussed in *DuBose* have caused the Ohio legislature to pass two joint resolutions, House Joint Resolution 2 and Senate Joint Resolution 5, related to the setting of bond. Both require public safety be added to the Ohio Constitution as a bond consideration. If a majority of voters approve the constitutional amendment to include "public safety" as a bond consideration in the fall, it will be added to the Ohio Constitution. Until and if that happens, courts are constrained to follow Crim.R. 46(B) and apply the analysis set forth in *DuBose*. Prosecutors concerned that public safety requires a defendant be detained without bail need to utilize the remedies available in R.C. 2937.222.