[Cite as *In re Oliver v. Pretel*, 2024-Ohio-77.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE: SAMUEL OLIVER, | : | |
| Petitioner, | : | |
| | | No. 113420 |
| v. | : | |
| HAROLD PRETEL, CUYAHOGA COUNTY SHERIFF, | : | |
| | : | |
| Respondent. | | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION GRANTED
**DATED:** January 8, 2024

---

Writ of Habeas Corpus
Order No. 570636
Motion No. 570200

---

## *Appearances:*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe and Sean M. Sweeney, Assistant Public Defenders, *for petitioner*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for respondent*.

ANITA LASTER MAYS, P.J.:

{¶ 1}   On December 1, 2023, the petitioner, Samuel Oliver, commenced this habeas corpus action against the respondent, Sheriff Harold Pretel, to lower his bond from $100,000 to $10,000.  The petition attached the transcript from the trial court bond hearing and Oliver's trial court motion to reduce bond that contained still pictures of the incident taken from the warehouse's security camera. On December 5, 2023, this court ordered the respondent to notify the victim of the pendency of this habeas case, ordered the respondent and the victim to submit responses by December 12, and allowed Oliver to file a response and any additional evidence by December 15.   The respondent filed a motion for summary judgment on December 5, 2023.  Neither the victim nor Oliver made any further filings.  For the following reasons, this court issues the writ of habeas corpus and grants relief by setting bond at $15,000, cash, surety, or 10 percent bond and orders compliance with the Cuyahoga Common Pleas Court Supervised Release program and no contact with the victim.  The respondent's motion for summary judgment is denied as moot.

{¶ 2}   On January 13, 2023, Oliver shot a coworker at the Amazon Warehouse in Bedford Heights.  The bullet entered the right buttock and exited through the coworker's left thigh.  This wound caused him to be hospitalized and undergo a number of surgeries.  Oliver asserts that he shot in self-defense because the coworker was aggressively moving toward him, as shown on security video. After shooting the coworker, Oliver left the building, remained in the Cleveland area,

and found another job.  He was arrested at that job on August 23, 2023. On September 18, the grand jury indicted him on two counts of felonious assault with one- and three-year firearm specifications.

{¶ 3}  At his arraignment on September 21, 2023, the trial court set bond at $25,000.  On October 20, Oliver moved to reduce the bond to $10,000.  He argued the right to reasonable bond, his lack of criminal history, his work history up to the time of his arrest, and his ties to his family and community.  On October 30, 2023, the trial court conducted a hearing on his motion to reduce bond.  Citing the seriousness of the charges, a recent mass-shooting in Maine, and public perception, the trial court raised the bond to $100,000.

{¶ 4}  Oliver moved for reconsideration of that decision on November 15, 2023. When the trial court did not rule on the motion, he commenced this habeas corpus action.  He argues that he is the father of two children whom he has supported through maintaining employment at various jobs. Furthermore, he has no serious criminal record, has strong ties to the community, can assert self-defense, but does not have the resources for a $100,000 bond.  He might be able to assemble the funds for a $10,000 bond, but never a $100,000 bond.  That amount constitutes a complete denial of bond.  The respondent in his motion for summary judgment partially agreed stating a bond of $25,000, but no less, would be a reasonable amount.

{¶ 5}  The principles governing habeas corpus in these matters are well established.  Under both the United States and Ohio Constitutions, "excessive bail

shall not be required." If the offense is bailable, the right to reasonable bail is an inviolable one which may not be infringed or denied. *In re Gentry*, 7 Ohio App.3d 143, 454 N.E.2d 987 (6th Dist.1982), and *Lewis v. Telb*, 26 Ohio App.3d 11, 497 N.E.2d 1376 (6th Dist.1985). The purpose of bail is to secure the attendance of the accused at trial. *Bland v. Holden*, 21 Ohio St.2d 238, 257 N.E.2d 397 (1970), and *DuBose v. McGuffey*, 168 Ohio St.3d 1, 2022-Ohio-8, 195 N.E.3d 951.

{¶ 6} In Ohio, the writ of habeas corpus protects the right to reasonable bail. *In re Gentry*. A person charged with the commission of a bailable offense cannot be required to furnish bail in an excessive or unreasonable amount. *In re Lonardo*, 86 Ohio App. 289, 89 N.E.2d 502 (8th Dist.1949). Indeed, bail set at an unreasonable amount violates the constitutional guarantees. *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). After weighing various factors, the court sets the amount of bail within its sound discretion. "Whether a particular bail determination is unconstitutionally excessive is a question of law appropriate for de novo review." *DuBose* at ¶ 15.

{¶ 7} As the Supreme Court stated in *Stack*, "This traditional right to freedom before conviction permits the unhampered preparation of a defense and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Stack* at 4-5. Thus, in a habeas corpus action to contest the reasonableness of the bond, this court must determine whether the trial court abused its discretion. *In re Green,* 101 Ohio App.3d 726, 656

N.E.2d 705 (8th Dist.1995), and *Albert v. O'Malley,* 8th Dist. Cuyahoga No. 111631, 2022-Ohio-2688.

{¶ 8} In the present case, this court rules that a $100,000 bond is excessive and an abuse of discretion. After weighing the seriousness of the charge, Oliver's ties to the community, his work history, his lack of a criminal record, his lack of financial resources, and the evidence as shown by the attachments to the briefs, including the possibility of self-defense, this court grants relief as follows: bail is set at $15,000, cash, surety, or 10 percent bond. As requested by Oliver, he will comply with the Cuyahoga Common Pleas Court Supervised Release program and have no contact with the victim. Respondent to pay costs; costs waived. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 9} The writ of habeas corpus is issued, and relief granted.

---

ANITA LASTER MAYS, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR